MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
CARLOS ENRIQUE TOJ OVALLE,
*individually and on behalf of others similarly*
*situated,*

                              *Plaintiff,*

             -against-

TEN WESTSIDE CORP.  (D/B/A ESSEN), 27
MADISON AVENUE CORP. (D/B/A
ESSEN), 100 BROAD STREET LLC  (D/B/A
ESSEN), AMICI 519 LLC (D/B/A ESSEN),
KYEONG HWANG, JOSEPHINE KIM,
JOHN BYUN, CHONG BYUN, WILLIAM
BYUN, and MYONG BYUN,

                         *Defendants.*
------------------------------------------------------X

**COMPLAINT**

**ECF Case**

      Plaintiff Carlos Enrique Toj Ovalle ("Plaintiff Toj" or "Mr. Toj"), individually and on

behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates,

P.C., upon his knowledge and belief, and as against Ten Westside Corp. (d/b/a Essen), 27 Madison

Avenue Corp. (d/b/a Essen), 100 Broad Street LLC (d/b/a Essen), Amici 519 LLC (d/b/a Essen),

("Defendant Corporations"), Kyeong Hwang, Josephine Kim, John Byun, Chong Byun, William

Byun, and Myong Byun, ("Individual Defendants"), (collectively, "Defendants"), alleges as

follows:

## NATURE OF ACTION

1.      Plaintiff Toj is a former employee of Defendants Ten Westside Corp. (d/b/a Essen), 27 Madison Avenue Corp. (d/b/a Essen), 100 Broad Street LLC (d/b/a Essen), Amici 519 LLC (d/b/a Essen), Kyeong Hwang, Josephine Kim, John Byun, Chong Byun, William Byun, and Myong Byun.

2.       Defendants own, operate, or control four delicatessens/restaurants, located at 160 Varick Street, New York, New York 10013 (hereinafter "the Varick Street location"), 60 Madison Avenue, Ground Floor, New York, New York 10010 (hereinafter  "the Madison Avenue location"), 100 Broad Street, New York, New York 10004 (hereinafter "the Broad Street location"), and 519 Eighth Avenue, New York, New York 10018 (hereinafter "the Eighth Avenue location") all under the name "Essen".

3.      Upon information and belief, individual Defendants Kyeong Hwang, Josephine Kim, John Byun, Chong Byun, William Byun, and Myong Byun, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the delis/restaurants as a joint or unified enterprise.

4.      Plaintiff Toj was employed as a delivery worker at the restaurant located at 160 Varick Street, New York, New York 10013.

5.      Plaintiff Toj was employed as a stock boy, porter, and ostensibly as a delivery worker. However, as a delivery worker, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to sweeping and mopping, bringing up hot foods for the buffet, throwing out the garbage, and cleaning bathrooms and the food line after the end of the lunch (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiff Toj worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours

compensation for the hours that he worked.

7.      Rather, Defendants failed to pay Plaintiff Toj appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Defendants employed and accounted for Plaintiff Toj as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

9.      However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Toj's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

10.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Toj's actual duties in payroll records by designating him as a delivery worker instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Toj at the minimum wage rate and enabled them to pay him at the tip credit rate.

11.     In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Toj's and other tipped employees' tips and made unlawful deductions from Plaintiff Toj's and other tipped employees' wages.

12.     Defendants' conduct extended beyond Plaintiff Toj to all other similarly situated employees.

13.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Toj and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

14.     Plaintiff Toj now brings this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the

N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

## JURISDICTION AND VENUE

15.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Toj's state law claims under 28 U.S.C. § 1367(a).

16.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate four delicatessens/restaurants located in this district. Further, Plaintiff Toj was employed by Defendants in this district.

## PARTIES

*Plaintiff*

17.    Plaintiff Carlos Enrique Toj Ovalle ("Plaintiff Toj" or "Mr. Toj") is an adult individual residing in Bronx County, New York.

18.    Plaintiff Toj was employed by Defendants at Essen from approximately December 2013 until on or about June 2015 and then from approximately August 2016 until on or about September 2017.

*Defendants*

19.    At all relevant times, Defendants own, operate, or control four delicatessens/restaurants, located at 160 Varick Street, New York, New York 10013 (hereinafter "the Varick Street location"), 60 Madison Avenue, Ground Floor, New York, New York 10010 (hereinafter  "the Madison Avenue location"), 100 Broad Street, New York, New York 10004

(hereinafter "the Broad Street location"), and 519 Eighth Avenue, New York, New York 10018 (hereinafter "the Eighth Avenue location") all under the name "Essen".

20.      Upon information and belief, Ten Westside Corp. (d/b/a Essen) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 160 Varick Street, New York, New York 10013.

21.      Upon information and belief, 27 Madison Avenue Corp. (d/b/a Essen) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 60 Madison Avenue, Ground Floor, New York, New York 10010.

22.      Upon information and belief, 100 Broad Street LLC (d/b/a Essen) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 100 Broad Street, New York, New York 10004.

23.      Upon information and belief, Amici 519 LLC (d/b/a Essen) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 519 Eighth Avenue, New York, New York 10018.

24.      Defendant Kyeong Hwang is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Kyeong Hwang is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Kyeong Hwang possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Toj, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.     Defendant Josephine Kim is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Josephine Kim is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Josephine Kim possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Toj, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.     Defendant John Byun is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant John Byun is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant John Byun possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Toj, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.     Defendant Chong Byun is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Chong Byun is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Chong Byun possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Toj, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

28.     Defendant William Byun is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant William Byun is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant William Byun possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Toj, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

29.     Defendant Myong Byun is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Myong Byun is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Myong Byun possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Toj, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

30.     Defendants operate four delicatessens/restaurants located in multiple neighborhoods in Manhattan.

31.     Individual Defendants, Kyeong Hwang, Josephine Kim, John Byun, Chong Byun, William Byun, and Myong Byun, possess operational control over Defendant Corporations, possess

ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

32.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

33.     Each Defendant possessed substantial control over Plaintiff Toj's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Toj, and all similarly situated individuals, referred to herein.

34.     Defendants jointly employed Plaintiff Toj (and all similarly situated employees) and are Plaintiff Toj's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

35.     In the alternative, Defendants constitute a single employer of Plaintiff Toj and/or similarly situated individuals.

36.     Upon information and belief, Individual Defendants Kyeong Hwang, Josephine Kim, John Byun, Chong Byun, William Byun and Myong Byun  operate Defendant Corporations as either alter egos of  themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

    b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f)  intermingling assets and debts of their own with Defendant Corporations,

g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

37.    At all relevant times, Defendants were Plaintiff Toj's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Toj, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Toj's services.

38.    In each year from 2013 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

39.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

40.    Plaintiff Toj is a former employee of Defendants who was employed as a stock boy, porter, and ostensibly as a delivery worker.

41.    However, he spent over 20% of each shift performing the non-tipped duties described above.

*Plaintiff Carlos Enrique Toj Ovalle*

42.    Plaintiff Toj was employed by Defendants from approximately December 2013 until on or about June 2015 and then from approximately August 2016 until on or about September 2017.

43.    Defendants employed Plaintiff Toj as a stock boy, porter, and ostensibly as a delivery worker.

44.    However, Plaintiff Toj was also required to spend a significant portion of his work day performing the non-tipped duties described above.

45.    Although Plaintiff Toj was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

46.    Plaintiff Toj regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

47.    Plaintiff Toj's work duties required neither discretion nor independent judgment.

48.    Throughout his employment with Defendants, Plaintiff Toj regularly worked in excess of 40 hours per week.

49.    From approximately December 2013 until on or about June 2015, Plaintiff Toj worked at the Madison Avenue location as a delivery worker from approximately 10:00 a.m. until on or about 7:00 p.m., Mondays through Fridays and from approximately 1:00 p.m. until on or about 7:00 p.m., Sundays (typically 51 hours per week).

50.    From approximately August 2016 until on or about November 2016, Plaintiff Toj worked at the Broad Street location as a delivery worker from approximately 7:30 p.m. until on or about 5:00 a.m., Mondays through Saturdays (typically 57 hours per week).

51.    From approximately November 2016 until on or about August 24, 2017, Plaintiff Toj worked at the Varick Street location as a delivery worker from approximately 9:00 a.m. until on or

about 7:00 p.m., Mondays through Fridays and from approximately 1:00 p.m. until on or about 7:00

p.m., Saturdays (typically 56 hours per week).

52.      From approximately August 25, 2017 until on or about September 10, 2017, Plaintiff

Toj worked at the Eighth Avenue location as a stock boy and a porter from approximately 8:00 p.m.

until on or about 5:00 a.m., Mondays through Saturdays (typically 54 hours per week).

53.      Throughout his employment, Defendants paid Plaintiff Toj his wages in cash.

54.      From approximately December 2013 until on or about June 2015, Defendants paid

Plaintiff Toj $9.00 per hour.

55.      From approximately August 2016 until on or about November 2016, Defendants paid

Plaintiff Toj a fixed salary of $550 per week.

56.      From approximately November 2016 until on or about August 24, 2017, Defendants

paid Plaintiff Toj $12.00 per hour.

57.      From approximately August 25, 2017 until on or about September 10, 2017,

Defendants paid Plaintiff Toj a fixed salary of $580 per week.

58.      Plaintiff Toj was never notified by Defendants that his tips were being included as an

offset for wages.

59.      Defendants did not account for these tips in any daily or weekly accounting of

Plaintiff Toj's wages.

60.      Defendants withheld a portion of Plaintiff Toj's tips; for example, defendants only

paid Plaintiff Toj about $10 in tips for a large catering order (or $15 for 2 catering orders) he

delivered, when, in most cases, the clients had written in a much larger tip amount.

61.      No notification, either in the form of posted notices or other means, was ever given

to Plaintiff Toj regarding overtime and wages under the FLSA and NYLL.

62. Defendants did not provide Plaintiff Toj an accurate statement of wages, as required by NYLL 195(3).

63. Defendants did not give any notice to Plaintiff Toj, in English and in Spanish (Plaintiff Toj's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

64. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Toj (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

65. Plaintiff Toj was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

66. Defendants required Plaintiff Toj to perform general non-tipped tasks in addition to his primary duties as a delivery worker.

67. Plaintiff Toj ostensibly was employed as a tipped employee by Defendants, although his actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

68. Plaintiff Toj's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

69. Plaintiff Toj was paid the lowered tip-credit rate by Defendants.

70.    However, under state law, Defendants were not entitled to a tip credit because Plaintiff Toj's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

71.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

72.    Defendants failed to inform Plaintiff Toj who received tips that Defendants intended to take a deduction against Plaintiff Toj's earned wages for tip income, as required by the NYLL before any deduction may be taken.

73.    Defendants failed to inform Plaintiff Toj who received tips, that his tips were being credited towards the payment of the minimum wage.

74.    Defendants failed to maintain a record of tips earned by Plaintiff Toj who worked as a delivery worker for the tips he received. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Toj who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving delivery workers of a portion of the tips earned during the course of employment.

75.    Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

76.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit or pay them the full hourly minimum wage.

77.    Defendants paid Plaintiff Toj his wages in cash.

78.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

79.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Toj (and similarly situated individuals) worked, and to avoid paying Plaintiff Toj properly for his full hours worked.

80.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

81.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Toj and other similarly situated former workers.

82.    Defendants failed to provide Plaintiff  Toj and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

83.     Defendants failed to provide Plaintiff Toj and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

84.     Plaintiff Toj repeats and realleges all paragraphs above as though fully set forth herein.

85.     At all times relevant to this action, Defendants were Plaintiff Toj's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Toj, controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

86.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

87.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

88.     Defendants failed to pay Plaintiff Toj at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

89.    Defendants' failure to pay Plaintiff Toj at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

90.    Plaintiff Toj was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

91.    Plaintiff Toj repeats and realleges all paragraphs above as though fully set forth herein.

92.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Toj overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

93.    Defendants' failure to pay Plaintiff Toj overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

94.    Plaintiff Toj was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

95.    Plaintiff Toj repeats and realleges all paragraphs above as though fully set forth herein.

96.    At all times relevant to this action, Defendants were Plaintiff Toj's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Toj, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

97.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Toj less than the minimum wage.

98.     Defendants' failure to pay Plaintiff Toj the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

99.     Plaintiff Toj was damaged in an amount to be determined at trial.


## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

100.    Plaintiff Toj repeats and realleges all paragraphs above as though fully set forth herein.

101.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Toj overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

102.    Defendants' failure to pay Plaintiff Toj overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

103.    Plaintiff Toj was damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

104.    Plaintiff Toj repeats and realleges all paragraphs above as though fully set forth herein.

105.    Defendants failed to provide Plaintiff Toj with a written notice, in English and in Spanish (Plaintiff Toj's primary language), containing: the rate or rates of pay and basis thereof,

whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

106.    Defendants are liable to Plaintiff Toj in the amount of $5,000, together with costs and attorneys' fees.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

107.    Plaintiff Toj repeats and realleges all paragraphs above as though fully set forth herein.

108.    With each payment of wages, Defendants failed to provide Plaintiff Toj with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

109.    Defendants are liable to Plaintiff Toj in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

## OF THE NEW YORK LABOR LAW

110.     Plaintiff Toj repeats and realleges all paragraphs above as though fully set forth herein.

111.     At all relevant times, Defendants were Plaintiff Toj's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

112.     New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

113.     Defendants unlawfully misappropriated a portion of Plaintiff Toj's tips that were received from customers.

114.     Defendants knowingly and intentionally retained a portion of Plaintiff Toj's tips in violations of the NYLL and supporting Department of Labor Regulations.

115.     Plaintiff Toj was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Toj respectfully requests that this Court enter judgment against Defendants by:

(a)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Toj;

(b)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Toj;

(c)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Toj;

(d)      Awarding Plaintiff Toj damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e)      Awarding Plaintiff Toj liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Toj;

(g)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Toj;

(h)      Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Toj;

(i)      Awarding Plaintiff Toj damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages under the NYLL as applicable;

(j)      Awarding Plaintiff Toj liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(k)    Awarding Plaintiff Toj  pre-judgment and post-judgment interest as applicable;

(l)    Awarding Plaintiff Toj  the expenses incurred in this action, including costs and attorneys' fees;

(m)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(n)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Toj demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

August 10, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

———

Faillace@employmentcompliance.com

July 23, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                        Carlos Enrique Toj Ovalle

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                               23 de julio de 2018